IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1438, Plaintiff, | § § § § § |
| v. | §   CIVIL ACTION NO.: _____ |
| TEXAS MOORING, LLC, Defendant. | § § § § |

### INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1438's ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1438 ("Plaintiff") seeks enforcement of a final and binding award granted against TEXAS MOORING, LLC ("Defendant") in a grievance between the Parties to this suit. The grievance was held pursuant to a Grievance and Arbitration Procedure existing under a Collective Bargaining Agreement in place and in force between the Parties to this suit at the time the procedure occurred and now. Defendant has failed to comply with or implement the award granted in the final and binding decision. Defendant has, thereby, breached the Collective Bargaining Agreement between the Parties to this suit.

**I.**

**Parties**

1. Plaintiff, International Longshoremen's Association, Local 1438, is a Labor Organization within the meaning of the Labor Management Relations Act, as amended (29 U.S.C. §§ 141, et seq.) (the "Act"). International Longshoremen's Association, Local 1438 exists, in whole or in part, for the purpose of representing employees in connection

with wages, hours and other terms and conditions of employment in negotiations with their employers in the Port of Houston, Harris County, Texas. One of these employers is Texas Mooring, LLC.

2. Defendant, Texas Mooring, LLC, is a Texas Limited Liability Company with its principal place of business and principal office located at 621 Lakeside Dr., Channelview, Harris County, Texas, 77530-4639. Texas Mooring, LLC may be served by service on and through its registered agent, Lynn C. Woods, Jr. at Texas Mooring, LLC's registered office located at 1415 Louisiana, Suite 3100, Houston, Texas 77002. Texas Mooring, LLC operates within the Port of Houston, Harris County, Texas and utilizes labor procured through International Longshoremen's Association, Local 1438.

## II.

## Jurisdiction and Venue

3. This Court has jurisdiction over this dispute and venue is proper in the Southern District of Texas, Houston Division, pursuant to 29 U.S.C. § 185 (Section 301 of the Act). Specifically, the Parties to this suit are parties to a Collective Bargaining Agreement concerning an industry affecting commerce within the meaning of the Act and, more specifically, Chapter 7 of the Act. This suit arises from a violation of that Collective Bargaining Agreement by Defendant as determined in and by the final and binding decision reached in the Grievance and Arbitration Proceeding.

4. Plaintiff maintains its principal office within the Southern District of Texas. Specifically, Plaintiff's principal office is located at 1705 Thomas Ave., Pasadena, Harris County, Texas, 77506. Moreover, Plaintiff's duly authorized officers or agents are engaged in representing or acting for employee members within the Southern District of Texas, Houston Division.

### III.

### Background and Nature of the Case

5.      Plaintiff and Defendant are parties to a Collective Bargaining Agreement effective November 1, 2018.[1] The effective dates of the Collective Bargaining Agreement are November 1, 2018, to October 31, 2024. Effective September 18, 2020, Plaintiff and Defendant entered, at Defendant's urging, a Memorandum of Understanding Grievance and Arbitration Procedure ILA Local 1438 (the "Memorandum of Understanding"). The Memorandum of Understanding supplanted Article V and VI of the Collective Bargaining Agreement and put in place a Grievance and Arbitration Procedure to decide, among other disputes, those "arising between the union … and … any employer." This Grievance and Arbitration Procedure "is the exclusive remedy with respect to" such disputes. A true and correct copy of the Collective Bargaining Agreement and the Memorandum of Understanding is attached as Exhibit A and incorporated by reference as if expressly stated here.

6.      A dispute arose between Plaintiff and Defendant. On or about June 3, 2021, the dispute was submitted to Step 1 of the Grievance and Arbitration Procedure as dictated by the Memorandum of Understanding. Texas Mooring, again as dictated by the Memorandum of Understanding, appealed the Step 1 decision to Step 2. As a result, the dispute moved to Step 2 of the Grievance and Arbitration Procedure, again as dictated by the Memorandum of Understanding. The Step 2 Appeals Committee heard the dispute on August 4, 2021. On September 1, 2021, the Step 2 Appeals Committee issued its Award (the "Award"). The Award clearly and unequivocally states. "Having found that the

---

[1] The formal title of the Collective Bargaining Agreement is Articles of Agreement between Texas Mooring LLC and Boatmen, I.L.A. Local No. 1438 of the International Longshoremen's Association, AFL-CIO.

collective bargaining agreement prohibits unilateral action taken by the Company [Defendant] in this case, we direct the Company [Defendant] to immediately render the cameras non-operable, and thereafter remove them from the boats as soon as possible. This decision is final and binding on all parties." A true and correct copy of the Step 2 Appeals Committee Award is attached as Exhibit B and incorporated by reference as if expressly stated here.

7. On or about September 7, 2021, Ryan Williams, one of Plaintiff's duly elected officers, sent an e-mail to, among others, John Horan, Defendant's Chairman, inquiring of the timeframe for Defendant's compliance with the Step 2 Appeals Committee Award. Rather than comply, Defendant communicated that not only would it not comply with the Step 2 Appeals Committee Award, but that it was expanding the use of the cameras which gave rise to the dispute in the first place. A true and correct copy of Defendant's reply to Mr. Williams is attached as Exhibit C and incorporated by reference as if expressly stated here.

8. Despite the clear direction stated in the Award, Defendant ignored and continues to ignore both the decision reached and the direction stated. Defendant refuses, and continues to refuse, to comply and abide.

## IV.

## Claim

### Material Breach of the Collective Bargaining Agreement

9. Plaintiff repeats and reallege the allegations and statements made in paragraphs 1-8 as if fully set forth and incorporated here.

10. Defendant's refusal and its continued refusal to comply constitute a material breach of the Collective Bargaining Agreement. This is actionable under 29 U.S.C. § 185 (Section 301 of the Act).

11. A decision adverse to Defendant was reached in the Grievance and Arbitration Procedure dictated by the Collective Bargaining Agreement. This adverse decision is, under the Collective Bargaining Agreement, a final and binding decision. Defendant's refusal to comply with the decision is in breach of the Collective Bargaining Agreement. There is no justification or excuse for Defendant's breach. Defendant's violation of Section 301 is in bad faith, vexatious, wanton, and for oppressive reasons.

## V.

## Prayer for Relief

**WHEREFORE PREMISES CONSIDERED**, Plaintiff International Longshoremen's Association, Local 1438 respectfully requests that upon final trial or hearing of this matter, the Court enter judgment:

1. ordering and directing Defendant to fully comply with the Step 2 Appeal Committee Award;
2. awarding Plaintiff, International Longshoremen's Association, Local 1438, judgment for the reasonable and necessary attorney fees incurred by it in this matter;
3. awarding Plaintiff, International Longshoremen's Association, Local 1438, court costs incurred by it in this matter;
4. awarding Plaintiff, International Longshoremen's Association, Local 1438, pre-judgment and post-judgment interest at the maximum lawful rates on any monetary award made in this matter; and
5. all other and further relief to which Plaintiff, International Longshoremen's Association, Local 1438 may be justly entitled at law or in equity.

Respectfully submitted,

BERG PLUMMER JOHNSON & RAVAL, LLP

By: */s/ Bruce Johnson*
    Bruce Johnson
    Southern Dist. ID # 20160
    State Bar of Texas No.: 00794029
    3700 Buffalo Speedway, Suite 1150
    Houston, Texas 77098
    (713)526-0200
    (832)615-2665 Facsimile
    bjohnson@bergplummer.com

**ATTORNEY-IN-CHARGE FOR INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1438**

LAW OFFICE OF ERIC NELSON

By: */s/ Eric H. Nelson*
    Eric H. Nelson
    State Bar of Texas No. 14891000
    Southern Dist. ID # 437
    3801 Kirby Suite 411
    Houston, Texas 77098
    713-526-1998
    713-524-4421 Facsimile
    ehnelson@swbell.net

**OF COUNSEL FOR INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1438**